FILED
RICHARD W. NAGEL
CLERK OF COURT

SEP 29 2026 11:04 A

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-CINCINNATI

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHN DOE,

Plaintiffs,

vs.

BON SECOURS MERCY HEALTH, INC, et al.,

Defendants.

Case No: 1:26 CV 00990

**PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 10(a) and the Court's inherent equitable authority, Plaintiff John Doe moves for an order permitting him to proceed in this litigation using a pseudonym to protect his identity and personal identifying information from public disclosure, and to seal or redact any personally identifying information related to same. As set forth in the accompanying Memorandum of Law in Support of Motion, Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings under *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The exhibits filed with the Complaint have been redacted as necessary to protect Plaintiff identity and personal identifying and contact information, as well as the identifying information of non-party individuals, consistent with the anonymity requested herein.

## ARGUMENT

Federal courts have long recognized that trial courts have discretion to permit parties to proceed under a pseudonyms when privacy interests outweigh the usual presumption of openness. See, e.g., *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th

Cir. 2000) (allowing pseudonyms where nondisclosure is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment).

The court has granted motions to proceed pseudonymously in comparable circumstances, applying the standard set forth in *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). See Doe v. Ronan, No. 1:09-CV-243, 2009 WL 10679478 at *1 (S.D. Ohio June 4, 2009) (granting pseudonymity where the first and second Porter factored favored pseudonymity); Doe v. Reynoldsburg City Sch. Dist. Bd. of Educ., No. 2:25-cv-138, 2025 WL 1312279, *1 (S.D. Ohio May 6, 2025) (granting pseudonymity where plaintiffs brought §1983 claims against named officials in their individual and official capacities); M.O. v. Brightview Health LLC, No. 1:25-cv-00015-JPH, 2025 WL 307284 *2 (S.D. Ohio Jan. 27, 2025) (concluding that the second *Porter* factor favored anonymity where the litigation involved highly sensitive, private information concerning the plaintiff's medical history and treatment); *Doe v. Oak Hills Local Sch. Dist.*, No. 1:25-cv-00792, 2026 WL 1169896, at *1 (S.D. Ohio Apr. 30, 2026) (granting leave to proceed pseudonymously where prosecution would compel disclosure of disability, medical, and mental health information of the utmost intimacy). In contrast, *Doe v. Ohio Supreme Court*, No. 2:25-cv-0773, 2025 WL 2730664 at *3 (S.D. Ohio Sept. 25, 2025).(denying pseudonymity and noting the "Plaintiff's failure to cite a single case wherein a litigant was permitted to proceed anonymously under similar circumstances...)

**INTRODUCTION**

Plaintiff brings this Motion to Proceed Under a Pseudonym pursuant to the balancing test established by the Sixth Circuit in *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). This motion addresses the first two Porter factors: whether Plaintiff challenges governmental activity, and whether prosecution of this

action will compel disclosure of information of the utmost intimacy. Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004). This case challenges government activity and will require disclosure of highly sensitive medical-related information, the public exposure of which would subject Plaintiff to serious negative consequences and harm..

This governmental challenge targets the constitutionality of how the State agency, through its investigative and supervisory personnel, administered the regulatory policy under 29 C.F.R. § 1601.13. Plaintiff challenges Ohio Civil Rights Commission's Defendants Investigator level II Taniqua Crawford and Dayton Regional Supervisor Evan McFarland's administration and application of 29 C.F.R. § 1601.13, a federal regulation governing the processing of employment discrimination charges, through the Commission and the United States Equal Employment Opportunity Commission (EEOC). Defendants Taniqua Crawford and Evan McFarland, applied procedures governing employment discrimination charges to Plaintiff's public-accommodations discrimination charge, filed under Ohio Rev. Code § 4112.02(G), without notification.

## BACKGROUND

The Equal Employment Opportunity Commission ("EEOC") administers 29 C.F.R. § 1601.13, which governs the filing, deferral, and coordination of employment discrimination charges between the EEOC and designated state and local Fair Employment Practices Agencies ("FEPAs"). The Ohio Civil Rights Commission ("Commission") is a state civil rights agency that participates in this framework through a worksharing agreement with the EEOC. Under this system, an individual who files an employment discrimination charge with either the EEOC or a participating FEPA may have that same charge treated as filed with both

agencies, thereby avoiding the need to submit duplicative charges through separate state and federal processes.

This regulatory frame work does not authorze an agency to process a public charge filed under state law as an employment discrimination charge where the individual did not file, authorize, or sign an employment discrimination charge and no employment relationship exists. The Commission and the EEOC maintain a workshare agreement that allows dual-filing, efficient case processing, and workload division between the two agencies.

Here, however, that intended purpose was circumvented. Instead of preventing duplication, a public accommodations charge filed by Plaintiff was unlawfully used to simultaneously generate and process an unauthorized employment discrimination matter under the same charge number, despite the fact that Plaintiff never filed, authorized, or signed an employment discrimination charge and no employment.

Plaintiff filed a public accommodations discrimination charge with the Commission on June 14, 2024 **(Exhibit 1)**. Plaintiff's charge was thereafter processed under the same charge number as an employment-discrimination matter **(Exhibit 10-11)** under the EEOC Worksharing Agreement and dual filing notice **(Exhibit 12)**, although Plaintiff never filed an employment-discrimination charge and no employment relationship existed between Plaintiff and Bon Secours Mercy Health. The Commission's determination and subsequent reconsideration each stated that judicial review was not a means to reexamine the investigation or raise issues concerning the Commission's handling of Plaintiff's charge. During the Commission proceedings, Defendant's Taniqua Crawford and Evan McFarland

certified that Plaintiff completed a disability verification form **(Exhibit 9)**, although Plaintiff's public accommodations charge did not allege disability discrimination **(Exhibit 1)**.

Separately On January 21, 2025, Plaintiff received an email from the U.S Department of Health and Human Services (HHS-OCR) stating that he had filed a complaint on behalf of another person and needed to sign a consent form. Plaintiff has no knowledge of that person, has never met them, and never authorized anyone to use his name in connection with that complaint. Plaintiff did not file that complaint. Someone used Plaintiff's personally identifiable information to submit the complaint, and Plaintiff cannot determine who submitted it without discovery.

Upon the closure of the discrimination charge, the associated medical-record request central to that charge was closed by U.S. Department of Health and Human Services, Office for Civil Rights (HHS-OCR) letter dated December 2, 2025. That determination characterized Plaintiff's request as seeking records concerning his condition explicitly naming that condition, despite Bon Secours should have known what medical records were requested from numerous request and previous HH-OCR determination letter January 26, 2024, which explicitly mentioned what records were being requested; however the December 2, 2025 letter did not identify which specific requested records were allegedly excluded from the designated record set. The records sought nursing notes from the April 6, 2022 encounter, the condition entry labeled as "past history," and documentation concerning the condition prior to that visit remained unavailable. The determination referenced an amendment process but did not resolve Plaintiff's request for the records central to the discrimination charge. On April 9, 2026, after receiving the agency's final decision, Plaintiff discovered that his Mercy Health MyChart mobile application showed canceled appointments across the majority of his

providers for the 2021–2022 period. These cancellations included providers both within and outside his initial discrimination charge. Crucially, these discrepancies appeared only on the mobile application and were completely absent from the Mercy Health MyChart website, even though both interfaces share the same underlying database. Furthermore, the mobile app entries directly contradict Plaintiff's actual 2021-2022 medical records, which Plaintiff downloaded and retained in 2022, insurance records reflecting providers' scheduled quarterly and annual paid visit, and uninterrupted pharmacy refills.

On July 10, 2026, Plaintiff received an electronic notification from Bon Secours stating, "you have new test results." At that time, Plaintiff had no active relationship with Bon Secours, and the underlying care occurred at an unaffiliated hospital. No information exchange or "MyChart share" existed between the providers, and Bon Secours had never previously sent notifications for this outside care.

This action challenges government conduct and involves medical information of the utmost intimacy associated with Plaintiff's name, including records allegedly altered and a document attributed to Plaintiff without his knowledge or consent. At issue is a condition recorded as "past history" without a date or identifying physician, although Plaintiff has no history of that condition. During the April 6, 2022 encounter, the same condition was also entered on the active problem list. Both entries were later removed; one was subsequently re-entered and then marked deleted.

Unlike cases in which a plaintiff voluntarily places his own medical condition before the Court, use of Plaintiff's legal name would publicly connect him to highly personal medical information. That association implicates the recognized privacy interest in matters of the

utmost intimacy. Public disclosure would risk further dissemination of the information beyond the parties and the Court and could subject Plaintiff to continued retaliation

**MEMORANDUM IN SUPPORT**

As a rule, actions must be prosecuted in the name of the real party in interest, and a complaint must state the names of the parties pursuant to Federal Rules of Civil Procedure 10(a) and 17(a)(1). Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule. D*oe v. Porter,* 370 F.3d 558, 560 (6th Cir.2004). When determining whether such an exception is justified, a court may consider, among others, the following factors:

To determine if such an exception is warranted, the Sixth Circuit weighs several factors, including: (1) whether the plaintiffs are challenging governmental activity; (2) whether the suit compels disclosure of information of the utmost intimacy; (3) whether the litigation risks criminal prosecution by disclosing an intention to violate the law; and (4) whether the plaintiffs are children *Id.* (citing *Doe v. Stegall,* 653 F.2d 180, 185–86 (5th Cir.1981). *Id.* A plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one Porter factor is dispositive in the outcome of such a decision. As Plaintiff suggests in D*oe #11 v. Lee*, No. 3:22-cv-00338, 2023 WL 1929996, at *3 (M.D. Tenn. Feb. 10, 2023) a plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one *Porter* factor is dispositive in the outcome of such a decision. *See* Doe *v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019) ("No one factor is dispositive.").

**Challenging Government activity**

Courts consider whether a plaintiff seeking anonymity is suing to challenge governmental activity. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). This factor is not limited to facial challenges to government administration of a regulation. In *Doe v. Little Miami School District*, No. 1:26-cv-351, 2026 WL 1027868, at *2 (S.D. Ohio Apr. 16, 2026), this Court ultimately denied pseudonymity because the plaintiff's identity was already public. However, this Court recognized that a challenge to governmental activity weighs in favor of anonymity under *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Indeed, in *Porter*, the Sixth Circuit found that the lawsuit, which challenged a school board policy as unconstitutional, challenged governmental activity.370 F.3d at 560; *see also Plaintiff v. Wayne State Univ.*, No. 20-CV-11718, 2021 WL 243155, at *5 (E.D. Mich. Jan. 29, 2021) (finding that the lawsuit challenging university action was a "clear" challenge of governmental activity)".

Here, unlike in *Little Miami* WL 1027868 at *2 Plaintiff's identity has not been publicly disclosed, so the first *Porter* factor supports proceeding under a pseudonym. Also *See Citizens for a Strong Ohio v. Marsh, No. 04-3112,* 2005 WL 14986, at *6 (6th Cir. Jan. 3, 2005) (applying the Doe v. Porter factors and considering whether anonymity would leave defendants with insufficient information to present their arguments). In *Doe v. El Paso Cnty. Hosp. Dist.*, No. EP 3:13-CV-00406, 2015 WL 1507840, at *3 (W.D. Tex. Apr. 1, 2015), the court noted: "Prior cases in which plaintiffs were allowed to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity." *SMU*, 599 F.2d at 713".

Because Plaintiff's claims directly target the constitutionality of the actions and procedures of governmental actors in their official capacities, this action challenges governmental activity within the meaning of the first *Porter* factor and weighs heavily in favor of allowing Plaintiff to proceed under a pseudonym.

**Utmost intimacy**

Courts within the Sixth Circuit recognize that plaintiffs may proceed anonymously "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *G.E.G. v. Shinseki*, No. 1:10-cv-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)).

In M.O. v. Brightview LLC, No. 1:25-cv-00015-JPH, 2025 WL 307284, at *1 (S.D. Ohio Jan. 27, 2025) this court demonstrated the flexible nature of this inquiry by granting a motion to proceed pseudonymously based on a single Porter factor alone, observing that "Importantly, the Porter factors are not exhaustive, and courts in the Sixth Circuit also consider prejudice to the defendant in granting a motion to proceed pseudonymously and potential psychological, reputational, or economic harm to the plaintiff in denying such a motion."

This Court has likewise found that disclosure of sensitive medical information may intrude on a plaintiff's privacy, "especially because of the social stigma attached to them." *M.O. v. Brightview LLC*, No. 1:25-cv-00015-JPH, 2025 WL 307284, at *2 (S.D. Ohio Jan. 27, 2025). See also *Doe v. FedEx Ground Package Sys., Inc.*, No. 3:21-cv-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (describing "a non-exhaustive list of factors . . .

that courts may consider in determining whether 'special circumstances' exist to justify an exception to the rule").

The key consideration whether prosecution of a suit will compel a plaintiff to disclose information "of the utmost intimacy." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). This Court has found that factor satisfied where a case involves disclosure of a plaintiff's disabilities, medical conditions, and mental health information. *Doe through Doe v. Oak Hills Local Sch. Dist.*, No. 1:25-cv-00792, 2026 WL 1169896, at *1 (S.D. Ohio Apr. 30, 2026) citing ("Moreover prosecuting this action, Plaintiff will be required to disclose sensitive personal information 'of the utmost intimacy,' including information about John Doe's disabilities, medical conditions, and his mental health challenges...") (citing *Porter*, 370 F.3d at 560). This Court has likewise recognized that disclosure of medical and mental health information "may intrude on a plaintiff's privacy," "especially because of the social stigma attached to them." *M.O. v. Brightview LLC*, No. 1:25-cv-00015-JPH,2025 WL 307284, at *2 (S.D. Ohio Jan. 27, 2025).

In *Doe v. Ronan*, No. 1:09-CV-243, 2009 WL 10679478, at *1 (S.D. Ohio June 4, 2009), this Court found the utmost-intimacy factor satisfied where a plaintiff's identity was tied to a criminal record, stating: "A criminal record is one that carries a very negative connotation in society which can be embarrassing and humiliating if that information becomes public," citing *Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

As discussed in the Background section above, Plaintiff's privacy interest here is comparable to the privacy interest the Doe plaintiff sought to protect in *Doe v. Ronan*, No. 1:09-cv-243, 2009 WL 10679478, at *1–*2 (S.D. Ohio June 4, 2009), there, the shield of an expungement. Here, Plaintiff seeks to prevent public association with records that were never

truly his: a fabricated employment discrimination charge he never filed, medical records disclosed without any opportunity for him to review or verify their accuracy, and a disability verification form completed as though by Plaintiff, the contents of which he has never seen. Plaintiff's risk of public opprobrium and undeserved infamy mirrors that faced by the plaintiff in Ronan, whose disclosure risked "an opprobrium analogous to the infamy associated with criminal behavior." *Id.* at *1 (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981))). For these reasons, Plaintiff's privacy interest in proceeding under a pseudonym outweighs the public's interest in disclosure of his identity. Ronan, 2009 WL 10679478, at *2.

**PLAINTIFF FACES A REASONABLE AND SEVERE RISK OF HARM AND RETALIATION IF FORCED TO REVEAL HIS IDENTITY**

Plaintiff's action challenges the administration of governmental processes. Courts have long recognized that litigants may face threats of harassment and retaliation for speaking out against high-profile government action, and that this risk weighs in favor of allowing parties to proceed anonymously. *See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) "Furthermore, all of the plaintiffs previously allowed in other cases to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity."

Plaintiff should also be permitted to proceed under a pseudonym because disclosure of Plaintiff's identity would create a substantial risk of harm arising from the public disclosure of highly sensitive medical information and allegations involving the civil-rights charge, central to having occurred after filing protective activity charge. Courts recognize that a plaintiff seeking anonymity must demonstrate more than a generalized fear of retaliation or embarrassment; the claimed harm must be grounded in specific facts rather than speculation. *Doe v. Snyder*, No. 12-

11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012), (citing *Doe v. Stegall,* 653 F.2d 180, 185–86 (5th Cir.1981)). ("To_proceed anonymously for fear of retaliation and harassment a "plaintiff must demonstrate that ... retaliation is not merely hypothetical but based in some real-word evidence; a simple fear is insufficient").

In this case, Plaintiff has already submitted detailed exhibits in support of his claims 1, 2, 3, which includes those related to the administrative processing of his charge and the substance of his medical records. Public disclosure of Plaintiff's identity would directly associate Plaintiff with sensitive medical information and allegations concerning the handling of his civil-rights charge referencing Plaintiff medical record, and completed disability verification form falsely attributed to Plaintiff. Unlike a generalized concern about embarrassment, the risk here arises from the public identification of private medical information and records that Plaintiff were allegedly altered as a most recent retaliatory occurrence. Accordingly, Plaintiff faces a concrete risk of reputational harm, stigma, and adverse treatment if his identity is publicly disclosed. See *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) ("is necessary to protect a person from harassment, injury, ridicule or personal embarrassment").

If Plaintiff is required to disclose his true identity on the public record in order to litigate this complaint, the privacy right he seeks to protect would be compromised at the very moment he is required to assert it. The Supreme Court has recognized, in an analogous context, that requiring individuals to personally assert a right of privacy or anonymity can effectively nullify that right at the moment of its assertion. *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 459 (1958) (explaining that requiring the right to be claimed by the individuals themselves would result in "nullification of the right at the very moment of its assertion"). This principle is particularly relevant where public disclosure is itself the precise

event Plaintiff seeks to avoid through the exercise of the right. Therefore, Plaintiff should be permitted to proceed as John Doe.

As the court in Doe v. ProHealth Care, No. 23-cv-0296-bhl, 2023 WL 2760644, at *1 (E.D. Wis. Apr. 3, 2023), explained: the United States Department of Health and Human Services (HHS) has warned that "an impermissible disclosure of PHI may result in identity theft, financial loss, discrimination, stigma, mental anguish, or other serious negative consequences to the reputation, health, or physical safety of the individual or to others identified in the individual's PHI." U.S. Dep't of Health & Human Servs., Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates, Entities and Business Associates, https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html (last visited Mar. 29, 2023). Public disclosure of Plaintiff's true identity forces him to incur the very harm he filed this lawsuit to prevent. Doe v. Purdue Univ., 321 F.R.D. 339, 341 (N.D. Ind. 2017) (noting that public disclosure "might cause him to incur the injury litigated against"). Moreover, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff ... exceeds the likely harm from concealment." Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004).

## DEFENDANTS WILL NOT BE PREJUDICED BY THE USE OF PSEUDONYMS

Defendants will not suffer procedural or tactical prejudice from Plaintiff proceeding under a pseudonym. Courts consider whether the use of a pseudonym creates an unfair operational disadvantage or deprives defendants of information necessary to present their defenses. Specifically, courts consider "whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a*

*Strong Ohio v. Marsh*, 123 F. App'x 630, 636, 2005 WL 14986 at *6 (6th Cir. 2005) (quoting *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004)).

Plaintiff is not seeking to conceal his identity from Defendants. Upon service of the Complaint, Defendants will know Plaintiff's identity based on the allegations and will have the ability to conduct discovery, interview witnesses, obtain relevant records, and present all available defenses. Plaintiff's use of "John Doe" in publicly filed documents does not prevent Defendants from participating fully in the litigation or responding to the claims asserted. Plaintiff will also make private disclosure to defense counsel.

The limited information withheld from the public docket would consist only of Plaintiff's identifying information and other confidential identifiers. The substantive allegations and evidentiary basis for Plaintiff's claims would remain publicly available and would be addressed through the ordinary course of litigation, subject to any protective measures ordered by the Court.

Courts within this District have recognized that where defendants are able to learn a plaintiff's identity through the litigation process, proceeding under a pseudonym does not create prejudice. In *Doe v. Department of Homeland Security*, No.1:23-cv-517, 2023 WL 8936280, at *1 (S.D. Ohio Dec. 27, 2023), this court accepted the plaintiff's representation that defendants already knew the plaintiff's identity and concluded that defendants would not be prejudiced by pseudonymous proceedings. In *Doe v. Mitchell*, No. 2:20-cv-00459, 2020 WL 6882601, at *6 (S.D. Ohio Nov. 24, 2020), (finding private disclosure of plaintiff's identity to defense counsel to be a sufficient measure to protect defendants from prejudice). Accordingly, because the privacy interests in this case substantially outweigh the presumption of openness of judicial proceedings, the Plaintiff will be permitted to proceed by pseudonym.

Accordingly, Plaintiff's limited use of a pseudonym preserves the confidentiality interests supporting anonymity while imposing no unfair burden or disadvantage on Defendants in defending this action.

**THE PUBLIC INTEREST IS SERVED BY GRANTING ANONYMITY**

The public interest is served by permitting Plaintiff to proceed under a pseudonym because anonymity will not prevent public scrutiny of the judicial proceedings, the claims asserted, the evidence presented, or the Court's resolution of the issues. Plaintiff seeks only to protect his identifying information from public disclosure; he does not seek to close these proceedings, conceal the substance of his claims, or limit public access to the Court's rulings.

Courts recognize that the public's ability to scrutinize governmental conduct is not substantially impaired when a party proceeds under a pseudonym. In Doe v. Stegall, 653 F.2d 180, 185 1981 WL 802523 (5th Cir. 1981), the court explained that "[t]he public right to scrutinize, governmental functioning is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself." The court further recognized that the "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them" Id. Under this standard, Plaintiff's need for anonymity to avoid disclosure of sensitive medical and civil-rights information outweighs the public's interest in learning his name, particularly where the public will retain full access to the claims, evidence, and the Court's rulings.

This principle applies with particular force here because this action challenges the Defendants' administration of charge processing procedures at issue. The public will retain access to the nature of Plaintiff's claims, the regulatory issues presented, the evidence filed on the docket, and

any decisions issued by this Court. Plaintiff's identity adds little to the public's ability to understand or evaluate the governmental conduct and legal questions at issue.

The public interest in disclosure is further limited because Plaintiff seeks individualized relief for injuries allegedly suffered by Plaintiff personally. Protecting a plaintiff from a second privacy injury caused by public disclosure may serve the public interest by allowing legitimate claims to proceed. In *M.O. v. BrightView, LLC*, No. 1:25-cv-00015-JPH, 2025 WL 307284, at **3 (S.D. Ohio Jan. 27, 2025),* this court concluded that, although only one Doe v. Porter factor supported pseudonymity, "the public's right to open judicial proceedings . . . is in the present case outweighed by the compelling interest that serves the public in granting the Motion in order to prevent a chilling effect on similar privacy litigation." This court further noted: "As Plaintiff maintains, if forced to proceed without the benefit of pseudonymity, Plaintiff and others 'would be confronted with a cruel choice: either forego seeking recompense for the violation of privacy they have suffered, or experience a second, self-incurred privacy injury by filing suit within a publicly accessible, searchable docket.'" *Id.* Although *M.O.* did not turn solely on the public-interest factor, its reasoning supports Plaintiff's request because public disclosure may itself deter the pursuit of legitimate privacy-related claims.

Standard redactions or sealing of individual documents are insufficient to fully protect Plaintiff's interests because Plaintiff's identity is directly intertwined with the sensitive medical information and civil-rights allegations underlying this action. The concern is not limited to isolated documents; rather, it is the public association of Plaintiff's name with the sensitive information and allegations contained throughout the record. Granting pseudonymity here will not unfairly prejudice the public who will have full access to all relevant facts.

The public will continue to have access to the claims asserted, the legal issues presented, the Court's proceedings, and the Court's decisions. Protecting Plaintiff's identity therefore serves, rather than undermines, the public interest by allowing this action to proceed without creating an unnecessary barrier to the vindication of legal rights. It is in exactly this situation that proceeding pseudonymously will serve the public interest. See, e.g., Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1073 (9th Cir. 2000) ("Thus, permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward.").

## Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court grant his Motion to Proceed in this Litigation Under the Pseudonym and for protective order "John Doe" and permit the filing of his true name and supporting sworn affidavit under seal.

Dated: September 15, 2026 Respectfully Submitted,

By: /s/ John Doe
*John Doe, Plaitniff, Pro Se*
John Doe
P.O. Box 14065
Cincinnati, Ohio 45250
Telephone: (513) 472-1854
E-Mail: jdlegaldocs@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that this motion will be served concurrently with the service of the Summonses and Complaint in this matter.

Dated: September 15, 2026

Respectfully Submitted,

By: /s/ John Doe
*John Doe, Plaitniff, Pro Se*

John Doe
P.O. Box 14065
Cincinnati, Ohio 45250
Telephone: (513) 472-1854
E-Mail: jdlegaldocs@yahoo.com