FILED
RICHARD W. NAGEL
CLERK OF COURT

SEP 29 2026 11:03 A

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-CINCINNATI

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHN DOE,

Plaintiffs,

vs.

BON SECOURS MERCYHEALTH, INC, et al.,

Defendants.

Case No: 1:26 CV 00990

**PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL AND NOTICE OF REDACTIONS IN PUBLIC FILINGS**

Plaintiff John Doe, proceeding pseudonymously pursuant to the concurrently filed Motion for Leave to Proceed Under Pseudonym, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 5.2.1 of the Southern District of Ohio for leave to file the unredacted version of Complaint Exhibits 1 through 17 under seal. "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' *Baxter*, 297 F.3d at 548." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016).

## 1. GOVERNING STANDARD

A party seeking to file documents under seal must overcome the strong presumption in favor of openness attached to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). To overcome this presumption, the moving party must demonstrate: (1) a compelling interest in sealing; (2) that the interest in secrecy outweighs the public's interest in access; and (3) that the request is narrowly tailored. To do so, the party must "analyze in detail, document by document, the propriety of secrecy,

providing reasons and legal citations." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637, 2019 WL 1418168 (6th Cir. 2019) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)).

Crucially, a prior grant of pseudonymity does not automatically satisfy this distinct evidentiary showing. *See Doe v. Oak Hills Local Sch. Dist.*, No. 1:25-cv-00792, 2026 WL 1169896, at *2 (S.D. Ohio Apr. 30, 2026) (denying sealing request despite granting pseudonymity where the plaintiff failed to independently justify sealing by document).

## 2. DOCUMENTS REQUESTED TO BE FILED UNDER SEAL AND REDACTIONS IN PUBLIC FILINGS

Each exhibit below requested to be filed under seal in its unredacted form. The public] version of each document has been redacted to remove the specific identifying information identified below. In each instance the redacted information consists of Plaintiff's name, address, telephone number, email address, outside agency case numbers, or medical. Plaintiff also requests leave to redact the names of non-party corporate executives, board members, and official appearing on document letterheads to protect third-party privacy.

The categories of information subject to redaction are identified on the following pages. Public disclosure would defeat the pending pseudonym motion by exposing Plaintiff's identity and personal identifying information on the public docket.

**Complaint Exhibit 1 — Commission Public Accommodations Charge (6-14-24).** Public Redacted in public filing: Plaintiff's full name, address, telephone number, email address, and commission charge number.

**Complaint Exhibit 2 —Laura Martin Email to Taniqua Crawford (12-20-24).** Redacted in public filing: Plaintiff's full name, commission charge number.

**Complaint Exhibit 3 —Taniqua Crawford Email to Plaintiff, Authorization Form (12-23-24).** Redacted in public filing: Plaintiff's full name, Commission charge number.

**Complaint Exhibit 4 —Taniqua Crawford Follow-Up Email (12-23-24).** Plaintiff's email, commission charge charge number.

**Complaint Exhibit 5 — Signed Authorization Form (12-24-24).** Redacted in public filing: Plaintiff's full name, email address, signature, commission charge number.

**Complaint Exhibit 6 — Laura Martin- Taniqua Email Exchange (12-31-24).** Redacted in public filing: Plaintiff's name, commission charge number.

**Complaint Exhibit 7 — Taniqua Crawford responded (12-31-24).** Redacted in public filing: Plaintiff's name, commission charge number.

**Complaint Exhibit 8 — Commission Website Printout (7-12-25).** Contains no redactions.

**Complaint Exhibit 9 — Taniqua Crawford Certification (2-10-25), Evan McFarland Certification (2-28-25).** Redacted in public filing: Plaintiff's name, commission charge number.

**Complaint Exhibit 10 — Decision Letter, Public Accommodations (3-6-25).** Redacted in public filing: Plaintiff's name, address and commission charge number. State official, commission members, commission personnel.

**Complaint Exhibits 11— Decision Letter, Employment Charge (3-6-25).** Redacted in public filing: Plaintiff's name, address, email address and commission charge number. State official, commission personnel.

**Complaint Exhibit 12 — EEOC Dual-Filing Notice.** Redacted in public filing: Plaintiff's name, commission charge number, commission personnel.

**Complaint Exhibit 13 — Employment Discrimination Right-to-Sue Letter (3-6-2025).** Redacted in public filing: Plaintiff's name, commission charge, commission personnel.

**Complaint Exhibit 14 — Laura Martin Position Statement (Excerpt, Page 1) (1-8-2025).** Redacted in public filing: Plaintiff's name, commission charge number.

**Complaint Exhibit 15 — Commission Records Request Confirmation/Download (4-23-25).** Redacted in public filing: Plaintiff's name, email address. Commission personnel.

**Complaint Exhibit 16 — Right-to-Sue Request Form, Retaliation.** Redacted in public filing: Plaintiff's name, commission charge number.

**Complaint Exhibit 17 — Evan McFarland Determination, Retaliation Charge (5-29 2025).** Redacted in public filing: Plaintiff's name, address, commission charge number, commission members.

### 3. THE SHANE GROUP TEST IS SATISFIED

A compelling interest exists for each document. Each exhibit contains Plaintiff's true name, contact information, the precise identifying details the concurrent pseudonym motion seeks to protect. Public disclosure of any one of these documents in unredacted form would place Plaintiff's true identity on the public docket and defeat the pseudonym protection entirely.

The interest in sealing outweighs the public's interest in these specific documents. The substantive content of each exhibit is addressed in the verified complaint and the pseudonym motion memorandum, both available on the public docket in redacted form. Public access to the substance of this litigation is preserved without requiring disclosure of the identifying information within these exhibits.

The request is narrowly tailored. The redactions are limited to contact identifiers, case numbers. The substantive content of each document, the agency communications, administrative findings, and records, remains visible in redacted form on the public docket.

### CONCLUSION

Plaintiff respectfully requests that the Court grant leave to file Complaint Exhibits 1 through 17 under seal in unredacted form, with copies provided to the Court and disclosed to Defendants subject to the terms of the concurrently filed motion for pseudonymity.

Dated: September 15, 2026 Respectfully Submitted,

By: /s/ John Doe
*John Doe, Plaitniff, Pro Se*
John Doe
P.O. Box 14065
Cincinnati, Ohio 45250
Telephone:(513) 472-1854
E-Mail:jdlegaldocs@yahoo.co

## CERTIFICATE OF SERVICE

I hereby certify that this motion will be served concurrently with the service of the Summonses and Complaint in this matter.

Dated: September 15, 2026 Respectfully Submitted,

By: /s/ John Doe
*John Doe, Plaitniff, Pro Se*

John Doe
P.O. Box 14065
Cincinnati, Ohio 45250
Telephone: (513) 472-1854
E-Mail:jdlegaldocs@yahoo.com